UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON NICHOLAS MCLANE, | No. 2:23-cv-2740 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JAKE TOLLETT, | |
| Defendant. | |

Plaintiff is a former county jail inmate, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
2   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
3   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
5   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
6   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
7   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
8   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
9   1227.

10          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
11  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
12  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
13  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
14  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
15  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
16  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
17  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
18  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
19  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
20  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
21  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
22  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
23  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

24          Plaintiff alleges that defendant Tollett, a police officer with the Jackson Police
25  Department, lied on the witness stand that plaintiff told Tollett that the ammunition came from
26  Teresa Lucero.  Plaintiff claims he never made such a statement to Tollett, and that plaintiff now
27  has a lot of enemies due to such fabricated testimony.  Plaintiff claims the following violations:
28  "assault, libel and slander."  (ECF No. 1 at 3.)

Plaintiff's claims of slander and libel do not rise to the level of a federal constitutional violation.  See Paul v. Davis, 424 U.S. 693, 699-701 (1976) (holding defamation is not actionable under § 1983); Hernandez v. Johnson, 833 F.2d 1316, 1319 (9th Cir. 1987) (holding that libel and slander claims are precluded by Paul); Whatley v. Gray, 2018 WL 828200, at *2 (S.D. Cal. Feb. 8, 2018); Sadler v. Dutton, 2017 WL 3217119, at *6 (D. Mont. June 1, 2017), report and recommendation adopted, 2017 WL 3219479 (D. Mont. July 28, 2017).  Plaintiff must pursue such claims in state court.

Plaintiff includes no facts supporting a claim of assault.  Plaintiff's allegations arise from the defendant's testimony in court as well as the defendant's conduct at the home of a third party.

To the extent plaintiff wishes to challenge the police officer's testimony against plaintiff in the underlying state criminal proceedings, plaintiff must do so in the criminal proceedings.[1]

Therefore, it is recommended that plaintiff's complaint be dismissed without prejudice.  Although the Court would generally grant plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies cannot be cured by amendment.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

Request for Extension

On December 13, 2023, plaintiff filed a request for a 120-day extension of time to obtain transcripts.  (ECF No. 6.)  However, in light of the instant order, no transcripts are required in this action.  Plaintiff's request is denied.

---

[1] Absent extraordinary circumstances, this court is barred from directly interfering with ongoing criminal proceedings in state court.  See Younger v. Harris, 401 U.S. 37, 46 (1971); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1985) ("When a state criminal prosecution has begun the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings.").  Plaintiff may raise any constitutional claims in his ongoing criminal proceedings in state court.  Lebbos v. Judges of the Superior Court, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'").

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's request for extension of time (ECF No. 6) is denied;

3. The Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 2, 2024

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mcla2740.56