UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MCLANE, | No. 2:23-cv-2740 DAD KJN P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER JAKE TOLLETT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. On January 2, 2024, the undersigned recommended that plaintiff's complaint be dismissed for failure to state a claim. Plaintiff now seeks to amend and requests appointment of counsel.

As discussed below, plaintiff's motion to amend and for appointment of counsel are denied, and plaintiff is granted leave to file a motion to amend that is accompanied by a proposed amended complaint.

Motion to Amend

On January 22, 2024, plaintiff filed a motion for leave to amend his complaint. However, plaintiff's motion is not signed by plaintiff. Parties proceeding without counsel are required to sign all pleadings, motions, and other papers submitted to the court for filing. Fed. R. Civ. P. 11(a).

1

Further, plaintiff's motion to amend was not accompanied by a proposed amended complaint. As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. If plaintiff chooses to renew his motion to amend, he must submit a separate proposed amended complaint that identifies the parties and is completed, dated, and signed by plaintiff. Plaintiff should use the court's form complaint to ensure that all required information is provided. Plaintiff may opt to append his proposed "Claim I" (ECF No. 11 at 3) to the court's form, provided plaintiff also completes and signs the form complaint.

Because plaintiff failed to sign his motion and did not provide a proposed amended complaint, the undersigned will hold the findings and recommendations in abeyance until plaintiff renews the motion to amend and provides a proposed amended complaint. Plaintiff is cautioned that if he fails to timely comply with this order, the findings and recommendations will be forwarded to the district court for review and adoption.

Request for Counsel

Also, plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this

time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (ECF No. 11) is denied without prejudice;

2. Within thirty days from the date of this order, plaintiff may file a signed motion to amend that is accompanied by an amended complaint under 42 U.S.C. § 1983, that is signed and completed, using the court's form complaint;

3. The January 2, 2024 findings and recommendations (ECF No. 7) are held in abeyance pending receipt of plaintiff's motion to amend; failure to timely comply with this order will result in the findings and recommendations being forwarded to the district court for review and adoption;

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner; and

5. Plaintiff's motion for the appointment of counsel (ECF No. 12) is denied without prejudice.

Dated: February 2, 2024

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mcla2740.mta.31