UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON NICHOLAS MCLANE,<br><br>Plaintiff,<br><br>v.<br><br>JAKE TOLLETT,<br><br>Defendant. | No. 2:23-cv-2740 DAD CSK P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

    Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983 in which he challenges events that took place before his criminal conviction. On February 2, 2024, prior findings and recommendations were held in abeyance pending plaintiff filing an amended complaint. On February 20, 2024, plaintiff filed an amended complaint, and a motion for appointment of counsel. Subsequently, plaintiff filed another motion for appointment of counsel, and a motion for default judgment. Good cause appearing, the January 2, 2024 findings and recommendations are vacated. As discussed in more detail below, plaintiff's motions for appointment of counsel are denied, and it is recommended that plaintiff's motion for default judgment be denied, and this action be dismissed for failure to state a claim.

<u>Screening Standards</u>

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal

2

constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Amended Complaint

On July 8, 2022, plaintiff was arrested by defendant Police Officer Jake Tollett and charged with possession of ammunition by a felon and possession of a controlled substance for sale. (ECF No. 14 at 3.)  During his arrest, plaintiff claims he made no statement.  Between July 8, 2022, and August 2022, plaintiff alleges that defendant Tollett arrested Teresa Lucero, and during such arrest defendant Tollett told Lucero that plaintiff told Tollett that the ammunition plaintiff was charged with came from Lucero.

On October 7, 2022, plaintiff claims he called the City of Jackson Police Department and asked defendant Tollett why he was going around town telling his associates that plaintiff claimed the bullets found in plaintiff's residence were Lucero's, and Tollett stated, "That's because you did McLane." (ECF No. 14 at 3-4.)  Plaintiff responded, "I'd never do that . . . ." (ECF No. 14 at 4.)  Plaintiff repeated his question to Tollett, who then allegedly answered "Because I was confused." (Id.)

On November 6, 2023, defendant Tollett was called as a witness in plaintiff's criminal case, People v. McLane, 22CR13777 (Amador Co.), and testified that plaintiff told Tollett that the

ammunition was Lucero's. Plaintiff contends Tollett's testimony was false. Subsequently, when Tollett was asked, "At the time that you made that statement [about the ammo], did you realize that giving such information might place Mr. McLane at risk?" (ECF No. 14 at 4.) Tollett responded, "I did not." (ECF No. 14 at 4.)

Plaintiff claims such allegations violated his Fourteenth Amendment rights to due process and equal protection and threatened his safety. (ECF No. 14 at 3.) As injury, plaintiff states that Tollett's careless and reckless statements put plaintiff's life at risk unnecessarily and maliciously and adds: "Plaintiff alleges being attacked from Tollett's alleged statement of McLane's which never occurred." (ECF No. 14 at 3.) Plaintiff seeks, <u>inter alia</u>, money damages. (ECF No. 14 at 5.)

Discussion

Plaintiff's factual allegations did not change from his initial complaint, and his new reliance on the Fourteenth Amendment again fails to state a cognizable civil rights claim. Plaintiff includes no facts implicating equal protection[1] or due process.[2] "[N]o substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause." <u>Awabdy v. City of Adelanto</u>, 368 F.3d 1062, 1069 (9th Cir. 2004) (citing <u>Albright v. Oliver</u>, 510 U.S. 266, 268 (1994). Rather, the Fourth Amendment addresses pretrial deprivations of liberty. Here, plaintiff provides no facts showing he was arrested without probable cause in violation of the Fourth Amendment.

---

[1] "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985). "'To state a claim . . . for a violation of the Equal Protection Clause . . . a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001) (quoting <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998)).

[2] The Ninth Circuit has recognized "a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." <u>Devereaux v. Abbey</u>, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc); see also <u>Costanich v. Dep't of Soc. & Health Servs.</u>, 627 F.3d 1101, 1111 (9th Cir. 2010) (relying on <u>Devereaux</u> to hold that a state investigator "who deliberately mischaracterizes witness statements in her investigative report also commits a constitutional violation").

Plaintiff fails to explain how defendant's statement, allegedly made to Lucero after plaintiff's arrest, implicated plaintiff's federal or constitutional rights.  Because the statement was made after plaintiff's arrest, no putative Fourth Amendment claim is implicated.  If the alleged false statement ultimately resulted in Lucero's arrest, only Lucero has standing to challenge her own arrest.  Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("[C]onstitutional claims are personal and cannot be asserted vicariously.") (citation omitted).

In addition, plaintiff's passing reference to an "attack" is too vague to evaluate.  He provides no specific facts as to such attack, for example, when or where it occurred, and he does not allege that it was defendant who attacked him.  If plaintiff was attacked by Lucero or another private citizen attempting to avenge Lucero's arrest, plaintiff could not state a civil rights claim against any of them unless they were acting under color of state law.  West, 487 U.S. at 48.

To the extent plaintiff wishes to challenge the police officer's alleged false testimony against plaintiff in the state criminal proceedings, plaintiff is reminded that he must do so in such criminal proceedings.[3]

Therefore, it is recommended that plaintiff's amended complaint be dismissed without leave to amend.  Further amendment is futile in this instance because plaintiff has been provided an opportunity to amend but has again failed to provide additional facts to state a cognizable claim.  Thus, it appears that the deficiencies cannot be cured by amendment.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for

---

[3] As plaintiff was previously advised, absent extraordinary circumstances, this court is barred from directly interfering with ongoing criminal proceedings in state court.  (ECF No. 7 at 3) (citing see Younger v. Harris, 401 U.S. 37, 46 (1971); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1985) ("When a state criminal prosecution has begun the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings.").)  Plaintiff may raise any constitutional claims in his ongoing criminal proceedings in state court.  Lebbos v. Judges of the Superior Court, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'").  Indeed, it appears from plaintiff's allegations that his defense counsel questioned Officer Tollett about the statement at some point in the criminal prosecution.  (ECF No. 14 at 4.)

dismissal without leave to amend).

Motions for Appointment of Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. In his second request, plaintiff sought appointment of a specific law firm. (ECF No. 19 at 2.) Plaintiff did not indicate whether the law firm had agreed to represent him. But, in any event, because the undersigned recommends that this action be dismissed, appointment of counsel is not appropriate.

Motion for Default Judgment

Plaintiff seeks entry of default judgment. However, plaintiff erroneously claims that the summons and complaint were served on defendant on February 23, 2024. To date, the court has not ordered that defendant be served, and the U.S. Marshal has not executed service on defendant. Moreover, contrary to plaintiff's claim, clerk's default has not been entered. Rather, plaintiff's request for entry of default was declined on March 19, 2024. (ECF No. 18.) Finally, plaintiff's motion for default judgment is premature and should be denied.

Accordingly, IT IS HEREBY ORDERED that:

    1. The January 2, 2024 findings and recommendations (ECF No. 7) are vacated;

    2. Plaintiff's motions for appointment of counsel (ECF Nos. 15 & 19) are denied; and

IT IS RECOMMENDED that:

    1. Plaintiff's motion for default judgment (ECF No. 20) be denied; and

    2. This action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 26, 2024

                                                    CHI SOO KIM
                                                    UNITED STATES MAGISTRATE JUDGE

/001/mccl2740.56b